UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ROE; JANE DOE 1; JANE DOE 2,

    Plaintiffs,

-against-

DATA ADVANTAGE GROUP, INC., et al.,

    Defendants.

21-CV-1397 (LTS)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Rudy Rosenberg, proceeding under the pseudonym "John Roe," brings this *pro se* action on behalf of himself and two other plaintiffs whom he identifies as "Jane Roe" and "Jane Roe 1." For the following reasons, the Court directs Rosenberg to submit a declaration within thirty days setting forth good cause why the Court should not impose a leave-to-file sanction on him. The Court also denies Rosenberg's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), and dismisses this case.

## BACKGROUND

    Since May 2020, the court has received at least four actions in which the plaintiffs seek to proceed under the pseudonyms John Roe and Jane Does (the "anonymous cases"), none of which was accompanied by a motion for permission to proceed anonymously.[1] *See Roe v. City of New York*, ECF 1:20-CV-10260, 3 (S.D.N.Y. Apr. 21, 2021); *Roe v. City of New York*, ECF 1:20-CV-10188, 3 (S.D.N.Y. filed Dec. 3, 2020); *Roe v. City of New York*, ECF 1:20-CV-9635, 3 (S.D.N.Y. Jan. 5, 2021); *Roe v. City of New York*, ECF 1:20-CV-4059, 2 (S.D.N.Y. Aug. 5, 2020). The actions were assigned to Judge Louis Stanton, and in each case he determined that the

---

[1] The complaints do not contain the plaintiffs' real names, addresses, or signatures, and are submitted without payment of the filing fees or an IFP application for each plaintiff.

complaint did not comply with Rule 10(a) of the Federal Rules of Civil Procedure, which provides that "[t]he title of [a] complaint must name all the parties." Judge Stanton therefore directed the plaintiffs in each case to (1) submit an amended complaint with their real names, signatures, and addresses; (2) pay the $400.00 in fees required to file a civil action or each submit a completed IFP application; and (3) submit a motion to proceed anonymously stating the reasons why the Court should permit the plaintiffs to do so. The plaintiffs have failed to comply with the orders, and three of the cases have been dismissed for noncompliance. *See* ECF 1:20-CV-10260, 7; ECF 1:20-CV-9635, 5; ECF 1:20-CV-4059, 4.

On January 25, 2021, in an order issued in *Roe v. City of New York*, No. 20-CV-10260, Judge Stanton stated his belief that all of the anonymous cases had been filed by Rosenberg, noting that state-court trial transcripts and other documents attached to the complaint identified Rosenberg as John Roe. ECF 1:20-CV-10260, 4, at 6. Judge Stanton concluded that Rosenberg's litigation history and the plaintiffs' consistent failure to respond to the Court's orders in the anonymous cases "strongly suggest that these filings were made maliciously and with the intent to harass." (*Id.*) Judge Stanton also warned Rosenberg that "the Court will not continue to entertain these filings" and may impose sanctions, including directing the Clerk of Court to return incomplete filings. (*Id* at 7.)

Rosenberg responded to Judge Stanton's order by filing multiple frivolous letters and miscellaneous motions in the anonymous cases, in which he alleged judicial misconduct and challenged Judge Stanton's and then-Chief Judge Colleen McMahon's authority to make rulings in his cases. *See* ECF 1:20-CV-10260, 5-6; ECF 1:20-CV-10188, 6; ECF 1:20-CV-9635, 7-9;

ECF 1:20-CV-4059, 7-9. In these submissions, Rosenberg identified himself as John Roe and identified Jacqueline Rosenberg and Eltha Joseph as the two Jane Doe plaintiffs.[2]

Similar to the other anonymous cases, Rosenberg submits this purported employment discrimination action under the pseudonym John Roe and seeks to bring claims on behalf of himself and two Jane Roes. Rosenberg also submits a motion for leave to proceed IFP, in which he identifies himself as the "affiant." (ECF 1-1, at 1.) But no IFP applications have been submitted for the Jane Roes nor is there a motion for leave to proceed under the pseudonyms.

## DISCUSSION

### A. Claims on behalf of Jane Roes

Rosenberg bring claims on behalf of two Jane Roe plaintiffs. The Court presumes, as in the other anonymous cases, that the Roe plaintiffs are actually Jacqueline Rosenberg and Eltha Jordan. But there is no indication in the complaint or elsewhere that either Jacqueline Rosenberg or Eltha Jordan intended to bring this action. And as a nonattorney, Rosenberg may not appear *pro se* on behalf of any other party. Under 28 U.S.C. § 1654, parties in federal court " may plead and conduct their own cases personally or by counsel." The statute "recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). The Court therefore dismisses the Jane Roe plaintiffs without prejudice from this action.

---

[2] It is not clear that either Jacqueline Rosenberg or Eltha Jordan intended to be parties in any of the anonymous cases. Neither has responded to Judge Stanton's orders. Only Rosenberg has submitted signed documents to the court and stated the identities of the plaintiffs in the anonymous cases.

3

**B.      Order to Show Cause**

The Court finds that a leave-to-file sanction may be appropriate, in light of Rosenberg's litigation history. "[C]ourts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). A court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act. *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (internal quotation marks and citation omitted). But "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Rosenberg has filed multiple anonymous cases in this court in which Judge Stanton has issued orders advising Rosenberg of the proper procedure to obtain leave to proceed under a pseudonym. Judge Stanton has also warned Rosenberg that he may be sanctioned for his failure to comply with the court's rules and procedures. *See* ECF 1:20-CV-10260, 4, 7. But Rosenberg has failed to heed the warning, instead submitting a barrage of frivolous letters and motions challenging the court's rulings. *See* ECF 1:20-CV-10260, 5-6; ECF 1:20-CV-9635, 7-9; ECF 1:20-CV-4059, 7-9.

In addition, Rosenberg has a history of repeatedly filing inappropriate motions and then failing to comply with court's orders in other cases, including orders to file complete IFP applications in his own name. *See, e.g., Rosenberg v. City of New York*, ECF 1:20-CV-3911, 13 (S.D.N.Y. Sept. 4, 2020) (describing the plaintiff's disregard of two previous orders requesting IFP applications, denying an unsigned order to show cause as substantially similar to four earlier submissions, which were also denied, and noting that the plaintiff filed a premature notice of appeal); Rosenberg has previously filed motions to proceed anonymously or under a pseudonym,

which the Court has denied. *See, e.g., id.*, ECF 1:20-CV-3911, 9, at 5 ("[T]he allegations at issue in this case are not of a highly sensitive and personal nature, and Plaintiff has not demonstrated any real, rather than speculative, harm if his name remains in the judicial record."); *Rosenberg v. Shemiran Co. LLC*, ECF 1:20-CV-0229, 6 (S.D.N.Y. Feb. 3, 2020) (denying Rosenberg's request to proceed anonymously); *see also Rosenberg v. City of New York*, ECF 1:20-CV-4012, 11 (S.D.N.Y. July 13, 2020) (denying Rosenberg's request to restrict public access to the pleadings in the case).

In light of this litigation history, Rosenberg was or should have been aware of the requirements to obtain permission to file an anonymous case. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). As Judge Stanton surmised, it appears Rosenberg is submitting these filings maliciously and with the intent to harass. The Court therefore denies Rosenberg's IFP application and dismisses this case. The Court further directs Rosenberg to show cause why he should not be barred from filing any further actions in this Court without first obtaining leave.

Within thirty days of the date of this order, Rosenberg must submit to this Court a declaration setting forth good cause why the Court should not impose this leave-to-file injunction upon him. If Rosenberg fails to submit a declaration within the time directed, or if his declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions unless he first obtains permission from the Court to do so. The Court finds that the leave-to-file sanction is necessary to enjoin Rosenberg from continuing to engage in a pattern of vexatious litigation.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Rudolph Rosenberg at 244 Fifth Avenue, Suite 2992, New York, NY 10001.[3]

The Court denies Rosenberg's IFP application and dismisses the complaint. Rosenberg shall have thirty days to show cause by declaration why an order should not be entered imposing a leave-to-file sanction for all future actions. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 7, 2021
   New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Rosenberg has not provided a physical or email address to the Court for this action. The Court is directing the Clerk of Court to mail the order to an address Rosenberg provided in one of the cases he filed in his own name. *See Rosenberg*, No. 20-CV-3911 (LLS).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |