UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ROE; JANE ROE; JANE ROE 1,

                           Plaintiffs,

               -against-

DATA ADVANTAGE GROUP, INC., et al.,

                           Defendants.

21-CV-1397 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Rudy Rosenberg, who is proceeding under the pseudonym "John Roe," filed this *pro se* action on behalf of himself and two other plaintiffs whom he identified as "Jane Roe" and "Jane Roe 1." On May 7, 2021, the Court dismissed the Jane Roe plaintiffs from this action without prejudice and directed Rosenberg, within thirty days, to show cause by declaration why an order should not be entered imposing a leave-to-file sanction upon him for all future actions. Rosenberg failed to file a declaration as directed or otherwise provide any reason not to impose a bar order.[1] On September 20, 2021, the Court issued an order barring Rosenberg from filing any future civil action in this Court without first obtaining from the Court leave to file.

      On March 18, 2022, the Court received a motion titled "EMERGENT ORDER TO SHOW CAUSE FOR VACATUR; FILE NOTICES OF APPEAL NUNC PRO TUNC; CLARIFICATION & CORRECTION; TRO STAY BAR ORDER, ET SEQ PURSUANT TO FRCP R. 59(e) & 60(a)&(b), FRAP 4(a); 10(e) ET SEQ." (ECF 9.)[2] The motion is purportedly

---

[1] On June 4, 2021, Rosenberg filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 5.) By Mandate dated September 13, 2021, the Second Circuit dismissed the appeal effective August 11, 2021. (ECF 6.)

[2] The Court quotes the motion verbatim. All capitalization, punctuation, and errors are in the original.

signed and submitted by Rosenberg and the two Jane Roe plaintiffs, now identified as Eltha Joseph and Jacqueline Rosenberg. Because the Jane Roe plaintiffs have been dismissed from this action without prejudice, the Court will consider the motion solely on behalf of Rosenberg.

The Court liberally construes Rosenberg's submission as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing Rosenberg's arguments, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Rosenberg challenges the September 20, 2021, bar order, contending that the Court deprived him of notice and opportunity to respond to the May 7, 2021, order. As in many of the cases that the Court noted in the May 7, 2021, order, Rosenberg again reiterates his grievances with the Court, asserts that he was discriminated and retaliated against, and accuses the Clerk's

2

Office of mishandling or not filing his motions and appeals, particularly an appeal in October 2021.

Rosenberg has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). On May 7, 2021, the Court dismissed this action and directed Rosenberg, within thirty days, to show cause by declaration why an order should not be entered imposing a leave-to-file sanction upon him for all future actions. Instead of responding to the order, Rosenberg filed a notice of appeal, which was dismissed effective August 11, 2021. The Court did not issue its bar order until September 20, 2021. Rosenberg had ample notice and opportunity to respond to the Court's May 7, 2021, order to show cause why he should not be barred. Further, Rosenberg also fails to allege any credible facts suggesting that the Clerk's Office mishandled his filings in this case, particularly his purported notice of appeal in October 2021.

Because Rosenberg does not present any legal or factual matters that would call into question the Court's dismissal of the complaint and issuance of the bar order, the motion for reconsideration is denied.

The Court also denies Rosenberg's requests for any other relief in this matter, including construing his submission alternatively as a notice of appeal. If Rosenberg wishes to appeal this or any other order of the Court, he must submit a notice of appeal captioned for the United States Court of Appeals for the Second Circuit, along with the relevant filing fees.

As this matter is closed, the Court will not accept any further submissions in this case, except for papers directed to the Second Circuit.

## CONCLUSION

The Court considers the submission solely on behalf of Rudy Rosenberg. The Court construes the submission (ECF 9) as a motion for reconsideration and denies the requested relief. All other matters in this action are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail a copy of this order to Rudy Rosenberg at 244 Fifth Avenue, Suite 2992, New York, NY 10001.[3]

SO ORDERED.

Dated:   March 29, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

---

[3] Rosenberg has not provided a physical or email address to the Court for this action. The Court is directing the Clerk of Court to mail the order to an address Rosenberg provided in one of the cases he filed in his own name. *See Rosenberg v. City of New York*, No. 20-CV-3911 (LLS) (S.D.N.Y. Sept. 14, 2020).